IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CR-03033-01-SRB |
| | ) | |
| STEVEN BRAYFIELD, SR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Steven Brayfield, Sr.'s Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. #94.) For the reasons stated below, the motion is granted.

### I. BACKGROUND

In 2013, Defendant Brayfield pled guilty, pursuant to a plea agreement, to possession with intent to distribute fifty grams or more or methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) (Count I), distribution of five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) (Count II), and using or maintaining a building for the purpose of distributing methamphetamine in violation of 21 U.S.C. § 856(a)(1) and (b) (Count III). (Doc. #62.) On December 13, 2013, the Honorable Dean Whipple sentenced Defendant Brayfield to a 188-month term of imprisonment on Counts I, II, and III, to be served concurrently, to be followed by a five-year term of supervised release on Count I, a four-year term of supervised release on Count II, and a three-year term of supervised release on Count III, to run concurrently.[1]

---

[1] The Judgment and Commitment noted that Defendant Brayfield's federal sentence shall be served concurrently with Greene County Circuit Court, Case Nos. 31307CF7442-01 and 0831-CR04053-01. (Doc. #71). Additionally, Defendant Brayfield's 188-month sentence was later reduced to 151 months pursuant to 18 U.S.C. § 3582(c)(2). (Doc. #84.)

(Doc. #70.) Defendant Brayfield is currently incarcerated at the federal penitentiary located in Leavenworth, Kansas ("USP Leavenworth"), and his expected release date is August 29, 2023.

On July 20, 2020, Defendant Brayfield asked the Warden of USP Leavenworth to file a motion with the court seeking reduction of his sentence. His request was denied on August 14, 2020. On December 3, 2020, Defendant Brayfield filed his initial *pro se* motion for compassionate release. (Doc. #86.) This case was subsequently transferred to the undersigned on December 4, 2020. Counsel later entered an appearance on Defendant Brayfield's behalf and filed an amended motion for compassionate release on December 28, 2020. (Doc. #94.) Defendant Brayfield states he suffers from numerous health conditions which place him at a high risk of death or serious illness should he contract COVID-19, including heart disease and cardiac arrythmia, Type 2 diabetes and related diabetic foot ulcers, kidney disease and accurate renal insufficiency, high blood pressure, high cholesterol, and severe obesity. (Doc. #94, p. 1.) The Government "does not oppose [Defendant] Brayfield's request for his sentence to be reduced, and concedes his medical condition presents extraordinary and compelling circumstances" warranting a sentence reduction. (Doc. #94, p. 1.)

**II. LEGAL STANDARD**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without

conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 10-CR-17, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020). In turn, relief pursuant to § 3582(c)(1)(A) is appropriate if: (1) the exhaustion requirement of the statute has been satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; and (3) the factors set forth in 18 U.S.C. § 3553(a) support modifying the prison term. *See* 18 U.S.C. § 3582(c)(1)(A); *accord United States v. Smith*, No. CR-07-3038, 2020 WL 2844222, at *3 (N.D. Iowa June 1, 2020). The parties agree Defendant Brayfield exhausted his administrative remedies and may seek relief directly from this Court.

**III. DISCUSSION**

Defendant Brayfield argues his medical conditions, combined with his heightened risk of serious illness or death should he contract COVID-19, constitute an extraordinary and compelling reason to reduce his sentence. Defendant Brayfield additionally states the 18 U.S.C. § 3553(a) factors weigh in favor of his release. The Government does not oppose the instant motion.

Upon review of the record and the circumstances in this case, the Court finds Defendant Brayfield has satisfied his burden under 18 U.S.C. § 3582(c)(1)(A) and is entitled to compassionate release. The Court finds Defendant Brayfield's medical conditions constitute an extraordinary and

3

compelling reason to reduce his sentence. Additionally, the Court finds the relevant sentencing factors under 18 U.S.C. § 3553(a) do not weigh against release, including the nature and circumstances of the offense, the history and characteristics of Defendant Brayfield, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to protect the public, and to provide adequate deterrence. Given that Defendant Brayfield does not pose a future risk of danger to the community, release in this case is appropriate.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant Brayfield's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #86) and his amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. #94) are **GRANTED**. The Court will enter an amended judgment separately to reflect Defendant Brayfield's amended sentence. Additionally, it is **FURTHER ORDERED** that:

(1) The judgment is amended to reduce Defendant Brayfield's sentence to time served on each count, concurrent.
(2) The remainder of the judgment against Defendant Brayfield will remain, to include the previously ordered terms of supervised release of five years on Count I, four years on Count II, and three years on Count III, concurrent. Those terms of supervised release shall begin following Defendant Brayfield's release.
(3) This order is stayed for up to 14 days from today's date, to make appropriate travel arrangements and to ensure Defendant Brayfield's safe release. Defendant Brayfield shall be released as soon as appropriate travel arrangements are made and it is safe for him to travel. There shall be no delay in effectuating these condition precedents to his release. If more than 14 days are needed to make appropriate travel arrangements and ensure Defendant Brayfield's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended. The BOP should not simply wait 14 days to release Defendant Brayfield if that length of time is not needed.

**IT IS SO ORDERED.**

Dated: <u>January 4, 2021</u>

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE